UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
DANIEL FLORIO, individually and on :
behalf of all others similarly situated, :
:
:
:
Plaintiff, :        MEMORANDUM
:        OPINION AND ORDER
- against - :
:        06 Civ. 6473 (SAS)
CITY OF NEW YORK, NEW YORK :
and JANETTE SADIK-KAHN, :
Commissioner of the New York City :
Department of Transportation, :
:
Defendants. :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/08

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.  INTRODUCTION

Daniel Florio brought this action against the City of New York claiming that the City's Special Vehicle Permit policy, which grants special parking privileges to City residents and those who work and attend school in the City, violates the Americans with Disabilities Act of 1990 ("ADA")[1] and the Rehabilitation Act of 1973.[2] By Opinion and Order dated July 21, 2008 ("the July

---

[1]  42 U.S.C. § 12132 *et seq.*

[2]  29 U.S.C. § 794 *et seq.*

1

~~21 Order"), this Court denied the City's motion for judgment on the pleadings in~~ its entirety. The City now moves for certification of that order for immediate appeal pursuant to section 1292 of title 28 of the United States Code ("section 1292").[3] For the following reasons, the motion is denied.

## II. LEGAL STANDARD

It is a "basic tenet of federal law to delay appellate review until a final judgment has been entered."[4] However, a court, in its discretion, may certify an interlocutory order for appeal if the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[5]

---

[3] This case originally began with David Meekins as the plaintiff. The City moved for judgment on the pleadings based on Meekins' complaint, which this Court denied by Opinion and Order dated November 6, 2007. At that point the City sought the Court's permission to move to certify the Meekins decision for interlocutory appeal. After Florio was substituted as plaintiff, the City requested that the Court put its request for certification on hold until after the City moved for judgment on the pleadings based on Florio's complaint, which made substantially similar claims as Meekins' complaint. Now that the City's motion with respect to Florio's complaint has been decided, the City renews its motion and moves to certify the Order concerning Florio.

[4] *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

[5] 28 U.S.C. § 1292(b).

2

When considering certification, district courts must carefully evaluate whether each of the above conditions are met.[6] Courts place particular weight on the last of these three factors: whether immediate appeal will materially advance the ultimate termination of the litigation.[7] "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"[8] The second element, which is at issue here as well, is met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."[9] It is not sufficient to show that the existing case law is unclear or not in accord, or that the parties strongly disagree on an

---

[6] *See, e.g., Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (denying motion for certification where defendant could not demonstrate substantial grounds for difference of opinion as to controlling questions of law).

[7] *See Koehler*, 101 F.3d at 865-66 ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *Lerner v. Millenco, L.P.*, 23 F. Supp. 2d 345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.").

[8] *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930 p. 432 (2d ed. 1996)).

[9] *In re Enron Corp.*, Nos. 06 Civ. 7828, 07 Civ. 1957, 2007 WL 2780394, at *2 (S.D.N.Y. Sept. 24, 2007) (quotation marks omitted).

issue.[10] "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."[11]

The Second Circuit has urged courts "to exercise great care in making a § 1292(b) certification."[12] "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"[13] Indeed, even where the three statutory criteria of section 1292(b) appear to be met, district courts have "unfettered discretion to deny certification" if other factors counsel against it.[14]

## III. DISCUSSION

The City fails to establish that the July 21 Order meets the high threshold needed to certify a question for appeal under section 1292(b). The City suggests that because the plaintiff is requesting access to specific privileges, and

---

[10] *See id.*

[11] *Id.*

[12] *Westwood Pharm., Inc. v. National Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

[13] *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

[14] *National Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162-63 (E.D.N.Y. 1999) (assuming the statutory criteria were met but nonetheless denying certification).

4

~~because he was denied those privileges not because of his disability but because of~~

his residency, this is a case of first impression within the Circuit, and is not governed by any statute or case law.[15] This argument ignores the controlling rule of *Henrietta D. v. Bloomberg*,[16] which allows plaintiffs suing under the ADA to establish causation by showing that "he or she has been excluded from or denied the benefits of a public entity's services or programs 'by reason of such disability' even if there are other contributory causes for the exclusion or denial, as long as the plaintiff can show that the disability was a substantial cause of the exclusion or denial."[17]

Further, the City does not satisfy the third and most important element of the section 1292(b) test because undertaking and completing discovery is the most efficient way to move this action forward towards a final disposition. As this Court noted in the July 21 Order, the issue of whether or not the City could reasonably accommodate Florio is fact-sensitive, and accordingly, "not an issue for judgment on the pleadings."[18] This action cannot be resolved in a meaningful

---

[15] *See* 7/28 Letter of Sherrill Kurland Requesting Certification at 2.

[16] 331 F.3d 261 (2d Cir. 2003).

[17] *Id.* at 291.

[18] *Florio v. City of New York*, No. 06 Civ. 6473, 2008 WL 2854116, at *4 (S.D.N.Y. July 22, 2008).

way until discovery reveals the nature of Florio's proposed accommodation and whether or not the City may reasonably implement it.

## IV. CONCLUSION

For the foregoing reasons, defendants' request to certify a question for immediate appeal is denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
August 5, 2008

-Appearances-

**Counsel for Plaintiff:**

William R. Weinstein, Esq.
Sanford, Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2451

**Counsel for Defendants:**

Sherrill Kurland
Assistant Corporation Counsel
100 Church Street, Room 5-167
New York, NY 10007
Telephone: (212) 788-0821